1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW RAMIREZ,                          No.  2:13-cv-0600 KJN P

12              Plaintiff,

13        v.                                   ORDER

14   P.A. MIRANDA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5        Plaintiff claims that defendant Miranda willfully interfered and delayed "pain

6   management," and defendant Santana informed the primary care provider ("PCP") not to order

7   pain medication to anyone.  Plaintiff saw defendant Santana telling the PCP "No."  (ECF No. 1 at

8   3.)  Plaintiff states that defendant Swingle is the CMO (Chief Medical Officer) that is "[illegible]

9   the supervisor, and [defendant] Royston is the PCP on B yard that inform[ed] [plaintiff] that LVN

10  Jackson told him not to issue any narcotic to [plaintiff] or any inmates."  Plaintiff alleges

11  defendant Royston will not issue plaintiff pain medication.

12       To state a section 1983 claim for a constitutional violation based on inadequate medical

13  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

14  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail,

15  plaintiff must show both that his medical needs were objectively serious, and that defendant

16  possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991);

17  McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

18  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

19  patient would find worthy of comment or treatment, or the existence of chronic and substantial

20  pain.  See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

21  grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir. 1997) (en banc).

22       Deliberate indifference may be shown by the denial, delay or intentional interference with

23  medical treatment or by the way in which medical care is provided.  Hutchinson v. United States,

24  838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both

25  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

26  exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus,

27  a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and

28  disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough

3

1   that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."

2   Id. at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's

3   Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A

4   failure to competently treat a serious medical condition, even if some treatment is prescribed, may

5   constitute deliberate indifference in a particular case.  Id.  Deliberate indifference in the medical

6   context may also be shown by a purposeful act or failure to respond to a prisoner's pain or

7   possible medical need.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

8   However, it is important to differentiate common law negligence claims of malpractice

9   from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual

10   punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice'

11   will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th

12   Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057

13   (9th Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate

14   treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d

15   330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

16   In the instant complaint, plaintiff fails to address each element of a deliberate indifference

17   to serious medical needs claim.  That is, plaintiff did not identify his serious medical need, and he

18   did not provide specific factual allegations as to each named defendant.  For example, it is unclear

19   whether plaintiff names defendant Swingle solely in his capacity as Chief Medical Officer, or

20   whether plaintiff alleges that defendant Swingle also denied plaintiff pain medication.

21   Supervisory personnel are generally not liable under § 1983 for the actions of their employees

22   under a theory of respondeat superior and, therefore, when a named defendant holds a

23   supervisorial position, the causal link between him and the claimed constitutional violation must

24   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability

25   where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th

26   Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442

27   U.S. 941 (1979).  Moreover, plaintiff set forth no dates as to the alleged violations, so the court

28   cannot determine whether plaintiff's allegations as to defendants Swingle and Medina may be

4

barred by the judgment entered in <u>Ramirez v. Swingle</u>, Case No. 2:11-cv-0045 LKK KJN P.

Plaintiff does not allege why defendants allegedly refused plaintiff pain medications, if he knows,

or allege facts demonstrating a culpable state of mind as to each named defendant.  Although it

may be possible to glean some of this information by reviewing the exhibits appended to the

complaint, neither the court nor defendants are required to search exhibits in an effort to deduce

plaintiff's claims.  Plaintiff must address each element of his claim within the complaint.

   Thus, the court finds the allegations in plaintiff's complaint so vague and conclusory that

it is unable to determine whether the current action is frivolous or fails to state a claim for relief.

The court has determined that the complaint does not contain a short and plain statement as

required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u>

<u>v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

<u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo v.</u>

<u>Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is

some affirmative link or connection between a defendant's actions and the claimed deprivation.

<u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

(9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

<u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

1   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2   original complaint, each claim and the involvement of each defendant must be sufficiently

3   alleged.

4         Finally, plaintiff provided 29 pages of exhibits to his complaint.  Plaintiff is not required

5   to re-append such exhibits to his amended complaint.  Such exhibits are retained in the court

6   record and may be referenced by any party.

7         In accordance with the above, IT IS HEREBY ORDERED that:

8         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

10  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12  Director of the California Department of Corrections and Rehabilitation filed concurrently

13  herewith.

14        3.  Plaintiff's complaint is dismissed.

15        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

16  Notice of Amendment and submit the following documents to the court:

17              a.  The completed Notice of Amendment; and

18              b.  An original and one copy of the Amended Complaint.

19  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

20  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

21  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

22  Failure to file an amended complaint in accordance with this order may result in the dismissal of

23  this action.

24  Dated:  June 4, 2014

25

26  /rami0600.14

        KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

27

28

                                    6

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW RAMIREZ,                    No.  2:13-cv-0600 KJN P

12              Plaintiff,

13        v.                            NOTICE OF AMENDMENT

14   P.A. MIRANDA, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19              _____       Amended Complaint

20   DATED:

21

22                                 _____
                                   Plaintiff

23

24

25

26

27

28